IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FORD BANISTER LLC and

LARRY FORD BANISTER, II,

        Plaintiff,

v.

DOE

        Defendants.

**COMPLAINT**

Plaintiffs Ford Banister LLC and Larry Ford Banister, II, (hereinafter "Plaintiffs" or "Attorney Banister") hereby bring the present action against Defendant Doe d/b/a sellerlawsuitshield.com and allege as follows:

**Introduction**

1. This action has been filed by Plaintiffs to combat the willful and intentional advertising and sale of unauthorized legal services and includes a civil claim for false advertising. Plaintiffs also seek to protect and defend the interests of consumers and potential consumers of legal services in actions brought before this Court as well as the administration of justice.

2. Defendant intentionally and willfully misleads consumers through the use of the domain sellerlawsuitshield.com (hereinafter, "the Domain" or "the Website") to solicit fees from consumers in need of legal services.

3. Plaintiffs seek a permanent injunction, to the extent authorized by the Lanham Act. Plaintiffs also seek a permanent injunction, to the extent authorized by the Illinois

1

Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505, et seq.). In addition, Plaintiffs seek a permanent injunction to prevent Defendant's continued unauthorized practice of law as authorized by the Illinois Attorney's Act (705 ILCS § 205, et seq.).

### The Parties

**Plaintiffs**

4. Ford Banister LLC is an intellectual property and ecommerce focused law firm that provides a full range of services to its clients, including trademark and copyright litigation, intellectual property protection, internet and domain name disputes and anti-counterfeiting enforcement. Ford Banister's principal place of business is located at 305 Broadway – Floor 7, New York, New York 10007.

5. Plaintiff Banister is an attorney licensed to practice law by the State of New York and is admitted to the General Bar of this Court. Attorney Banister maintains his principal place of business at Ford Banister, LLC, 305 Broadway – Floor 7, New York, New York 10007.

6. Plaintiffs focus their practice on Amazon Arbitration, Trademark and Copyright Protection and Enforcement. Plaintiffs handle every aspect of brand protection from initial registration and protection to enforcement and litigation. Plaintiffs' regularly represents Chinese defendants before this Court in cases filed by the Chicago based intellectual property firms. In order to make the public aware of the availability of Plaintiff's services, Attorney Banister maintains a website at www.fordbanister.com.

**Defendant**

7. Defendant owns, operates and or shares interest in the domain sellerlawsuitshield.com, a non-lawyer legal support services for storefronts accused of infringement on e-commerce platforms. *See* Seller Lawsuit Shield website, available at

2

https://www.sellerlawsuitshield.com/ (last visited Sept. 24, 2025). See Exhibit One.

8. Defendant appears to have filed a Motion to Dismiss in *Collectanea J. Limited v. The Partnerships, et al.*, Case No. 25-cv-04839 (N.D. Ill.). See Exhibit Two. On information and belief, this court filing has been prepared by a non-lawyer offering legal services.

9. Defendant appears to have filed two Motions to Dismiss in *Chung Ting Yu v. The Partnerships, et al.*, Case No. 25-cv-00062 (N.D. Ill.). See Exhibit Three. On information and belief, these court filings have been prepared by a non-lawyer offering legal services.

10. Defendant has tried to negotiate on behalf of defendant identified by seller ID bixlife in *Collectanea J. Limited v. The Partnerships, et al.*, Case No. 25-cv-04839 (N.D. Ill.). On July 20, 2025, Plaintiffs received correspondence from "James Whitfield" at the email address slshield1969@gmail.com notifying that a Motion to Dismiss had been filed by bixlife in *Collectanea v. The Partnerships*. See Exhibit Four.

11. Defendant has tried to negotiate on behalf of defendant identified by seller ID Mark Down Merchant in *Chung Ting Yu v. The Partnerships, et al.*, Case No. 25-cv-00062 (N.D. Ill.). On August 22, 2025 Plaintiffs received correspondence from "James Whitfield" at the email address slshield1969@gmail.com notifying that a Motion to Dismiss had been filed by Mark Down Merchant in *Chung Ting Yu v. The Partnerships*. See Exhibit Five. On September 5, 2025, Plaintiffs received a second correspondence from "James Whitfield" at the email address slshield1969@gmail.com notifying that a Motion to Dismiss had been filed by Mark Down Merchant in *Chung Ting Yu v. The Partnerships*. See Exhibit Six.

12. Defendant conspires and works to defraud consumers and potential consumers of legal services from defendants in suits filed in this judicial district.

**Jurisdiction and Venue**

13. The jurisdiction of this Court is invoked under 15 U.S.C. §§ 1121 as the Plaintiffs' cause of action arises under the Lanham Act; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (trademarks and unfair competition).

14. Further, this Court has personal jurisdiction over Defendants because, inter alia, Defendant is purposefully and intentionally availing themself of the privileges of doing business in the State of Illinois, including in this District. Among other relevant factors, (i) Defendant has advertised, marketed, promoted, offered for sale, sold, and/or distributed, and continues to advertise, market, promote, offer for sale, sell, and perform unauthorized legal services to consumers and/or potential consumers, including in this District, (ii) Defendants' tortious acts giving rise to this lawsuit and harm to Attorney Banister, consumers and potential consumers of legal services and the administration of justice in this judicial district have occurred and are occurring in the State of Illinois, including in this District, (iii) Defendants have regularly and intentionally done business in this District and marketed and promoted their fraudulent and legally unauthorized services in this District providing them with substantial infringing business revenue from this District, (iv) Defendants acted with knowledge that their unauthorized use of Attorney Banister's rights would cause harm to Attorney Banister in the State of Illinois and in this District, (v) Defendants' customers and/or potential customers reside in the State of Illinois, including in this District, and (vi) Defendants benefit financially from the Illinois market due to their targeting their marketing and promotional activities of the fraudulent and legally unauthorized sale of legal services that are ultimately performed in Illinois, including, if not exclusively in this District. Further, on information and belief, Defendants have sold unauthorized legal services throughout Illinois and this District and have delivered promotions

and solicitations based wholly upon their unauthorized legal services into the stream of commerce to purchasers in Illinois, including in this District.

15. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

16. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a). On information and belief, each Defendant may be found in this District and/or a substantial part of the acts of Defendant's unfair business practice complained of herein occurred in this District. On information and belief, venue in this District is proper because Defendant has targeted sales of unauthorized legal services to defendants, located and residing within this judicial district, who are named in suits filed in this judicial district by intellectual property firms.

**Defendants' Unlawful Conduct**

17. According to information retrieved from the whois.com database, Defendant registered the Domain on or about June 1, 2025. Exhibit Seven. On information and belief, Defendants submitted false organization and personal name, address and telephone number information in violation of the rules of registrar GoDaddy.com, Inc. and ICANN.

18. On information and belief, Defendant registered the infringing website for the purpose of offering legal services to primarily Chinese defendants in Lanham Act and other intellectual property related suits brought in this judicial district by intellectual property firms and at least suits brought in federal courts in New York and Florida through the Domain.

19. On information and belief, Defendant solicits clients through the Website. Legal services consumers who contracted with this fictive law firm made payments directly to financial

accounts owned by Defendant. Defendant accepts payment for their services through the Website via PayPal, debit card, or credit card.

20. Plaintiffs received correspondence from "James Whitfield" from the email address slshield1969@gmail.com notifying Plaintiffs that a Motion to Dismiss had been filed by seller ID bixlife named in *Collectanea J. Limited v. The Partnerships, et al.*, (N.D. Ill.). The email included a link to the Website.

21. On information and belief, Defendant is not authorized to practice law before courts in the Northern District of Illinois or any United States jurisdiction. Defendant is both unqualified and lacks legal authority to render any advice or perform legal services.

22. Defendants who face infringement suits brought in this judicial district and other jurisdictions throughout the United States by intellectual property firms are a group made vulnerable by their distance from the forum, unfamiliarity with the American legal system and often by a lack of English skills. Sometimes bewildered and bamboozled, these defendants are especially susceptible to those who approach them in their native language, offer confirmation of their belief that they are the victims of a U.S. based scam and then present the prospect of help. The Defendant in the instant case has posted the Website for the purpose of making itself appear knowledgeable in American intellectual property law so that they may defraud this group of vulnerable foreign defendants.

**COUNT I**
**FEDERAL FALSE ADVERTISING**
**(15 U.S.C. § 1125)**

23. Plaintiffs incorporate by reference allegations 1 through 22 above as if set forth fully herein.

24. Defendant's use of sellerlawsuitshield.com in conjunction with the services

6

offered through the Website create a false or misleading representation of fact regarding Defendant's ability to provide legal services to consumers.

25. Defendant, through the Website offers to handle "all court paperwork" and "the response to the court," as well as "prepare and mail [the defendant's] court response" misleading consumers to believe that Defendant is authorized to practice law. Exhibit One at 4, 8, 11.

26. Defendant knows that its representations of fact are false or misleading.

27. Defendant's false or misleading representations of fact were done with bad faith and malice or reckless indifference to Plaintiffs' and other consumers' interests.

28. Defendant actually deceived consumers into purchasing Defendant's services. Exhibits Four, Five, and Six.

29. Upon information and belief, the Defendant's acts as alleged have harmed Plaintiffs' business through diversion of sales and loss of goodwill. Further harm and injury to Plaintiffs is imminent. Plaintiffs are without an adequate remedy at law with respect to such harm and injury. Unless Defendant's acts are enjoined pursuant to 15 U.S.C. § 1116, it is highly likely that Defendant will continue to make false or misleading representations of fact regarding Defendant's ability to provide legal services to consumers.

30. As a result of their wrongful conduct, Defendants are liable to Plaintiffs for false description or representation pursuant to 15 U.S.C. §§ 1125.

**COUNT II**
**CLAIM FOR INJUNCTIVE RELIEF FOR**
**VIOLATION OF THE ILLINOIS ATTORNEY ACT**
**(705 ILCS § 205, et seq.)**

31. As an active member of the General Bar of this Court, Plaintiffs have a property interest in his license that confers upon him standing to seek injunctive relief to enjoin the unauthorized practice of law. This Court has supplemental authority, coextensive with the courts

of the State of Illinois, to enjoin and punish by contempt the unauthorized practice of law.

32. Section 1 of the Attorney Act, 705 ILCS 205/1, provides in part that:

No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State. No person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney, nor may an unlicensed person advertise or hold himself or herself out to provide legal services.

33. Illinois Supreme Court Rule 701 (a) states;

Subject to the requirements contained in these rules, persons may be admitted or conditionally admitted to practice law in this State by the Supreme Court if they are at least 21 years of age, of good moral character and general fitness to practice law, and have satisfactorily completed examinations on academic qualification and professional responsibility as prescribed by the Board of Admissions to the Bar or have been licensed to practice law in another jurisdiction and have met the requirements of Rule 705.

34. Illinois Criminal Code 720 ILCS § 5/17-2 states:

A person commits a false presentation if he or she knowingly and falsely represents himself or herself to be… an attorney authorized to practice law for purposes of compensation or consideration… A violation of paragraph… (b)(1)... is a Class 4 felony.

35. On information and belief, Defendant is not authorized to practice law before courts in the Northern District of Illinois or any United States jurisdiction. Defendant is both unqualified and lacks legal authority to render any advice or perform legal services and forbidden by law from advertising or holding themselves out as having the ability to provide legal services in the State of Illinois and throughout the United States and its territories.

36. Defendant is actively practicing law in the State of Illinois and within the judicial district by charging and/or receiving fees for legal services and advertising and holding themselves out to provide legal services within the State of Illinois, without being licensed to practice as required by the Attorney Act. Exhibits Two and Three. Due to this conduct

Defendant is guilty of False Personation of an Attorney, 720 ILCS § 5/17-2(b)(1), a felony under Illinois law.

37. Consistent with the Illinois Attorney Act, Attorney Banister is entitled to, and the public interest demands that an injunction issue prohibiting the continued unauthorized practice.

## COUNT III
## VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (815 ILCS § 510, et seq.)

38. Plaintiffs incorporate by reference allegations 1 through 37 above as if set forth fully herein.

39. With the intent to deceive and the intent that consumers rely upon the deception, in the course of trade and commerce, Defendant has engaged in acts violating the laws of the United States and Illinois including, but not limited to: 1) holding out to the public that they are qualified and licensed to dispense legal advice when in fact they are not; and 2) that they are legally affiliated with and approved by a licensed United States attorney when in fact they are not.

40. Each of these acts (1) offends public policy; (2) is immoral, unethical, oppressive, and/or unscrupulous; and (3) on information and belief, has caused substantial injury to consumers. These acts have led to a likelihood of confusion or misunderstanding and actual confusion and misunderstanding among the public. Therefore, the foregoing Defendant's acts constitute a willful violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, (815 ILCS § 510, et seq.)

41. Defendant's business practices are unfair and deceptive.

42. Plaintiffs, members of the General and Trial Bars of this Court, consumers and potential consumers of legal services for matters brought before this Court and the marketplace

in Illinois have suffered direct and indirect competitive disadvantage including lost revenues, lost profits, diminished market share and loss of goodwill due to Defendant's unfair and deceptive business practices.

43. Plaintiffs have no adequate remedy at law. Unless enjoined by the Court, Plaintiffs will suffer future irreparable harm as a direct result of Defendant's unlawful activities. Among the injunctive relief to which Plaintiffs are entitled is an order to permanently transfer the Website to his custody and control.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendant as follows:

1) That the Court enter a judgment against Defendants that they falsely advertised and misled consumers in their commercial advertising which misrepresented the nature, characteristics, and qualities of the services being offered under 15 U.S.C. § 1125(a);

2) That the Court issue injunctive relief against Defendant, and that Defendant and all others in active concert with Defendant, be enjoined and restrained from further violation of the Lanham Act, the Illinois Attorney Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act;

3) Entry of an Order that, at Plaintiffs' choosing, the registrant of the Domain shall be changed from the current registrant to Attorney Banister, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Domain to a registrar of Attorney Banister's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and

Namecheap Inc. ("Namecheap"), shall take any steps necessary to transfer the Domain to a registrar account of Attorney Banister's selection; or that the same domain name registries shall disable the Domain and make them inactive and un-transferable;

4) Entry of an Order that, upon Plaintiffs' request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, and Alibaba, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo, and domain name registrars, including, but not limited to, GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of legal services;

    b.    disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of legal services; and

    c.    take all steps necessary to prevent links to the Defendant Domain Name from displaying in search results, including, but not limited to, removing links to the Defendant Domain Name from any search index;

5) That the Court, pursuant to its grant of authority under the Illinois Attorney Act, issue an injunction forbidding further unauthorized practice of law; and

6) For such other and further relief as the Court deems appropriate.

Respectfully submitted this 30th day of September, 2025,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister LLC
305 Broadway – Floor 7
New York, NY 10007
Email: ford@fordbanister.com
*Plaintiff, Pro Se*
